IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


RANDALL HOYT CHUMLEY, AK-3357,  )
      Petitioner              )
                           )
        v.               )  2:10-CV-1134
                           )
RAYMOND LAWLER, et al.,      )
      Respondent.          )


MEMORANDUM and ORDER

Mitchell, M.J.:

Randall Hoyt Chumley has presented a petition for a writ of habeas corpus which he has

been granted leave to prosecute in forma pauperis.[1]  In his petition, Chumley seeks to challenge

his conviction of  second degree murder at No. 375 of 1976 in the Court of Common Pleas of

Lawrence County, Pennsylvania.  This sentence was imposed on November 2, 1976.[2]

The instant petition was filed on August 25, 2010.  However, this is not the first federal

challenge that the petitioner has directed at this conviction.  On December 3, 1999 he filed a

federal habeas corpus petition in this Court at docket 2:99-CV-1966  challenging this same

conviction.  In the latter case, in a Report and Recommendation filed on January 8, 2001 and

adopted by the Court on February 1, 2001, the petition was dismissed on the merits. An appeal

was taken to the United States Court of Appeals for the Third Circuit at Docket No. 01-1439, and

on January 10, 2002, a certificate of appealability was denied for failure to make a substantial

---

[1] The petition was originally filed in the United States District Court for the Middle
District of Pennsylvania where leave  to proceed in forma pauperis was granted, and transferred
to this Court on August 27, 2010.

[2] See: Petition at §§ 1-5,

showing of the denial of a constitution right.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, the petition of Randall Hoyt Chumley for a writ of habeas corpus will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631.

An appropriate Order will be entered.

ORDER

AND NOW, this 15th day of November, 2010, for the reasons set forth in the foregoing Memorandum, the petition of Randall Hoyt Chumley for a writ of habeas corpus is forthwith transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 as a successive petition.

s/ Robert C. Mitchell
United States Magistrate Judge